**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JENNIFER PETERSON and MELISSA MARTEN,

Plaintiffs,

v.

COBB COUNTY SCHOOL DISTRICT; CHRIS RAGSDALE, in his individual and official capacity as Superintendent of Cobb County School District; JOHN FLORESTA, individually and in his official capacity; JULIAN COCA, individually and in his official capacity; NAN KIEL, individually and in her official capacity; DANIEL VEHAR, individually and in his official capacity; ZACH ALDERSON, individually and in his official capacity; AMANDA CHAMBERS, individually and in her official capacity,

Defendants.

Civil Action No. 1:24-cv-04998-ELR

**DEFENDANT COBB COUNTY SCHOOL DISTRICT'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES**

Cobb County School district ("CCSD" or "Defendant") hereby files its Affirmative Defenses and Answer to Plaintiffs' Complaint for Declaratory Relief, Injunctive Relief, and Damages (the "Complaint") as follows:

FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

THIRD DEFENSE

Defendant acted at all times in good faith and in a reasonable and prudent manner, exercising the degree of due care and reasonable care required in carrying out any duties allegedly owed to Plaintiffs and acted consistently with all applicable legal standards, including under the First and Fourteenth Amendments to the U.S. Constitution, and any statute Plaintiffs sue under.

FOURTH DEFENSE

Plaintiffs have failed to mitigate some or all of their alleged damages.

FIFTH DEFENSE

Plaintiffs' alleged damages were not caused by or due to any action, inaction, negligence or breach of duty on the part of Defendant.

SIXTH DEFENSE

None of the actions or alleged actions of Defendant was the proximate cause of any alleged injuries or alleged damages to Plaintiffs, as referenced in the Complaint.

SEVENTH DEFENSE

Some or all of Plaintiffs' claims may be barred by the doctrines of waiver, estoppel, or laches.

EIGHTH DEFENSE

Defendant had legitimate, non-retaliatory, non-discriminatory reasons for all challenged decisions in this case.

NINTH DEFENSE

Defendant acted at all times upon the existence of reasonable grounds of belief known to Defendant and formed at the time and in light of the circumstances known to Defendant.

TENTH DEFENSE

Defendant reserves the right to raise additional affirmative defense as may be discovered during the course of these proceedings. Without waiving any defense at law or in equity, Defendant responds to Plaintiffs' Complaint as follows:

PARTIES

1.

Defendant denies that it or any of its agents, officers, or employees have engaged in viewpoint discrimination or otherwise violated Plaintiffs' rights under the First Amendment of the U.S. Constitution. Except as otherwise provided, Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

2.

Defendant denies that it or any of its agents, officers, or employees have engaged in viewpoint discrimination or otherwise violated Plaintiffs' rights under the First Amendment of the U.S. Constitution. Except as otherwise provided, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3.

Defendant admits that it is a governmental entity operating a public school system in Cobb County, Georgia, governed by the Cobb County Board of Education. Except as otherwise provided, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4.

Defendant admits that Chris Ragsdale is CCSD's Superintendent. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph. Except as otherwise provided, Defendant denies the allegations in this paragraph.

5.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. Defendant admits that

John Floresta is the Chief Strategy and Accountability Officer for CCSD. Except as otherwise provided, Defendant denies the allegations in this paragraph.

6.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. Defendant admits that Julian Coca is the Executive Director of Communications for CCSD. Except as otherwise provided, Defendant denies the allegations in this paragraph.

7.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, fourth, and fifth sentences of this paragraph. Defendant admits that Nan Kiel is the Director of Media and Public Relations for CCSD. Except as otherwise provided, Defendant denies the allegations in this paragraph.

8.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of this paragraph. Defendant admits that Daniel Vehar was the Assistant Director of Marketing for CCSD. Except as otherwise provided, Defendant denies the allegations in this paragraph.

9.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. Defendant admits that Zach Alderson was a Communications Specialist for CCSD. Except as otherwise provided, Defendant denies the allegations in this paragraph.

10.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. Defendant admits that Amanda Chambers was a Secretary within CCSD's Office of Communications. Except as otherwise provided, Defendant denies the allegations in this paragraph.

JURISDICTION AND VENUE

11.

Defendant denies that it has violated any of Plaintiffs' constitutional or federal rights. Except as otherwise provided, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.

Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

14.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## FACTUAL ALLEGATIONS

### *CCBOE Public Participation Policy BCBI*

16.

Defendant admits the allegations in this paragraph.

17.

Defendant admits that Policy BCBI governs the public comment process for monthly Board meetings. Defendant denies that Exhibit 1 to Plaintiffs' Complaint [Doc. 1-1] is the current version of Policy BCBI, but Defendant admits that Exhibit 1 is the version that was in effect on September 14, 2023. The language of that policy speaks for itself. Section B sets forth speaker eligibility requirements. Except as otherwise provided, Defendant denies the allegations in this paragraph.

18.

Defendant admits that, during the public comments session, up to fifteen

people may sign up to speak, for up to two minutes per person. Defendant admits that Policy BCBI sets forth certain time, place, and manner restrictions on the public comment session. The language of Policy BCBI speaks for itself. Except as otherwise provided, Defendant denies the allegations in this paragraph.

19.

Defendant admits the allegations in this paragraph.

20.

Defendant admits that prospective speakers must disclose certain information required under Section F of the Policy BCBI. That policy speaks for itself. Except as otherwise provided, Defendant denies the allegations in this paragraph.

21.

Defendant admits the allegations in this paragraph.

*Normal CCBOE Sign Up Procedures*

22.

Defendant denies the allegations in this paragraph.

23.

Defendant denies the allegations in this paragraph.

24.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

*<u>Altered CCBOE Board Meeting on September, 14, 2023</u>*

25.

Defendant admits that CCBOE voted to terminate Katherine Rinderle's employment. Except as otherwise provided, Defendant denies the allegations in this paragraph.

26.

Defendant denies the allegations in this paragraph.

27.

Defendant denies the allegations in this paragraph.

28.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30.

Defendant admits that this paragraph transcribes part of a Teams message between various CCSD officials. Except as otherwise provided, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31.

Defendant denies that there was a "normal location" for public-comment sign-ups or that it deviated from its "normal process" for public-comment sign-ups. Except as otherwise provided, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

32.

Defendant admits that this paragraph transcribes part of a Teams message between various CCSD officials. Except as otherwise provided, Defendant denies the allegations in this paragraph.

33.

Defendant admits that this paragraph transcribes part of a Teams message between various CCSD officials. Defendant admits that, due to safety concerns, the sign-up process occurred outside the CCBOE office building. Except as otherwise provided, Defendant denies the allegations in this paragraph.

34.

Defendant admits that Plaintiffs failed to sign up to speak during the public comment session of the board meeting. But Defendant denies that it or any of its agents, officers, or employees took any action that prevented Plaintiffs from being able to sign up to speak during the public comment session. Except as otherwise provided, Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.

35.

Defendant admits that Plaintiffs failed to sign up to speak during the public comment session of the board meeting. But Defendant denies that it or any of its agents, officers, or employees took any action that prevented Plaintiffs from being able to sign up to speak during the public comment session. Except as otherwise provided, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36.

Defendant admits that this paragraph transcribes part of a Teams message between various CCSD officials. Except as otherwise provided, Defendant denies the allegations in this paragraph.

37.

Defendant denies the allegations in this paragraph.

38.

Defendant denies the allegations in this paragraph.

39.

Defendant denies the allegations in this paragraph.

40.

Defendant admits that Plaintiffs failed to sign up to speak during the public

comment session of the board meeting. Except as otherwise provided, Defendant denies the allegations in this paragraph.

41.

Defendant denies that it or any of its agents, officers, or employees engaged in any "gamesmanship" or "manipulation" of the sign-up process. Except as otherwise provided, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42.

Defendant admits that Plaintiffs have been able to sign up to speak during the public comment session whenever they comply with the sign-up procedures properly. Except as otherwise provided, Defendant denies the allegations in this paragraph.

## CLAIMS FOR RELIEF

### COUNT ONE: VIOLATION OF FREE SPEECH U.S. CONST. AMEND. I AND U.S. CONST. AMEND. XIV (INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES)

43.

Defendant realleges and incorporates by reference paragraphs 16 through 42 above as though fully restated herein.

44.

Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

45.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

46.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

47.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

48.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

49.

Defendant denies the allegations in this paragraph.

50.

Defendant denies the allegations in this paragraph.

51.

Defendant denies the allegations in this paragraph.

52.

Defendant denies the allegations in this paragraph.

53.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

54.

Defendant denies that it has violated any of Plaintiffs' constitutional or federal rights. Defendant further denies that it or any of its agents, officers, or employees "manipulat[ed]" the public-comment sign-up process or took any unlawful action based on the viewpoint or anticipated speech of any prospective speaker.

55.

Defendant denies the allegations in this paragraph.

GENERAL DENIAL

Defendant denies any allegation not expressly admitted above. Any allegation to which Defendant has not expressly responded stands denied, including Plaintiffs' prayer for relief.

WHEREFORE, Defendant CCSD respectfully requests that this Court:

a) dismiss with prejudice Plaintiffs' Complaint;

b) deny all relief requested by Plaintiffs;

c) award Defendant reasonable attorneys' fees, costs and expenses

associated with defending this lawsuit; and

d) grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 24th day of April 2026.

*/s/ Jeffrey R. Daniel*
Jeffrey R. Daniel
Georgia Bar No. 949075
*Counsel for Defendants*

**PARKER POE ADAMS & BERNSTEIN LLP**
1075 Peachtree Street NE, Suite 1500
Atlanta, Georgia 30309
Phone: (678) 690-5750
jeffdaniel@parkepoe.com

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(C).

This 24th day of April 2026.

*/s/ Jeffrey R. Daniel*
Jeffrey R. Daniel
Georgia Bar No. 949075
*Counsel for Defendants*

**PARKER POE ADAMS & BERNSTEIN LLP**
1075 Peachtree Street NE, Suite 1500
Atlanta, Georgia 30309
Phone: (678) 690-5750
jeffdaniel@parkerpoe.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of April, 2026, I electronically filed DEFENDANT COBB COUNTY SCHOOL DISTRICT'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Gerald Weber, Esq.
LAW OFFICES OF GERRY WEBER
P.O. Box 5391
Atlanta, GA 31107
wgerryweber@gmail.com

Craig Goodmark, Esq.
GOODMARK LAW FIRM
1425-A Dutch Valley Place
Atlanta, GA 30324
cgoodmark@gmail.com

*/s/ Jeffrey R. Daniel*
Jeffrey R. Daniel
Georgia Bar No. 949075
*Counsel for Defendants*

**PARKER POE ADAMS & BERNSTEIN LLP**
1075 Peachtree Street NE, Suite 1500
Atlanta, Georgia 30309
Phone: (678) 690-5750
Fax: (404) 869-6972
jeffdaniel@parkerpoe.com