**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JENNIFER PETERSON and MELISSA MARTEN,<br><br>Plaintiffs,<br><br>v.<br><br>COBB COUNTY SCHOOL DISTRICT; CHRIS RAGSDALE, in his individual and official capacity as Superintendent of Cobb County School District; JOHN FLORESTA, individually and in his official capacity; JULIAN COCA, individually and in his official capacity; NAN KIEL, individually and in her official capacity; DANIEL VEHAR, individually and in his official capacity; ZACH ALDERSON, individually and in his official capacity; AMANDA CHAMBERS, individually and in her official capacity,<br><br>Defendants. | Civil Action No. 1:24-cv-04998-ELR |

**DEFENDANTS' NOTICE OF APPEAL**

Defendants Chris Ragsdale, John Floresta, Julian Coca, Nan Kiel, Daniel Vehar, Zach Alderson, Amanda Chambers (collectively the "Individual Defendants"), and the Cobb County School District ("CCSD") hereby appeal to the United States Court of Appeals for the Eleventh Circuit from the District Court's Order [Doc. 26], dated March 27, 2026, denying Defendants' Joint Motion to

Dismiss [Doc. 8].

By this order, the District Court denied qualified immunity to the Individual Defendants as to the Plaintiffs' claim under 42 U.S.C. § 1983, alleging a violation of Plaintiffs' rights under the First Amendment of the U.S. Constitution. [Doc. 26 at 9-12 (finding that Plaintiffs had plausibly alleged a First Amendment violation); *id.* 17-21 (denying qualified immunity to the Individual Defendants for that alleged First Amendment violation).] Under the collateral order doctrine, the Individual Defendants have a right to immediate appellate review of a denial of qualified immunity. *See Plumhoff v. Rickard*, 572 U.S. 765, 772 (2014) ("pretrial orders denying qualified immunity generally fall within the collateral order doctrine").

The District Court also separately found that Plaintiffs had plausibly alleged a First Amendment violation by CCSD, based on the alleged acts of the Individual Defendants. [*Id.* at 13 (analyzing whether Plaintiffs may "hold CCSD liable for the violation of Plaintiffs' free speech right").] Under the "pendent appellate jurisdiction" doctrine, the Eleventh Circuit has discretion to consider matters that are "inextricably intertwined" with the qualified immunity appeal. *See Smith v. LePage*, 834 F.3d 1285, 1291 (11th Cir. 2016) ("An appeal from the denial of qualified immunity may implicate [the Eleventh Circuit's] pendent appellate jurisdiction to review otherwise non-appealable matters. Pendent appellate jurisdiction is proper if the non-appealable matters are inextricably intertwined with an appealable

decision. . . .") (cleaned up). "Matters may be sufficiently intertwined when they implicate the same facts and the same law." *Id.* (cleaned up).

The Eleventh Circuit cannot deny Individual Defendants' qualified immunity without finding that Plaintiffs have plausibly alleged a First Amendment violation by them. *See Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010) (explaining that qualified immunity involves a two-part test, the first of which examines whether the plaintiff's factual allegations show a constitutional violation). If the Eleventh Circuit holds that the Plaintiffs have not plausibly alleged a First Amendment violation by the Individual Defendants, then that holding would also dispose of Plaintiffs' claims against CCSD.[1] *See Tillis on behalf of Wuenschel v. Brown*, 12 F.4th 1291, 1297 (11th Cir. 2021) ("the claims against Chief Boren and the county are derivative of the claims against Officer Brown. So if Officer Brown did not commit a constitutional violation, then Chief Boren and the county are entitled to summary judgment"). In that scenario, CCSD's appeal would be "inextricably intertwined with the appealable decisions" and therefore would "fall within [the Eleventh Circuit's] pendent appellate jurisdiction." *Id.*

[1] To clarify, CCSD is not yet appealing the District Court's finding that Plaintiffs plausibly alleged a theory of institutional liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). [*See* Doc. 26 at 13-17.] That issue is not inextricably intertwined with the Individual Defendants' qualified immunity. But the question of whether Plaintiffs plausibly alleged an underlying constitutional violation *is* inextricably intertwined with the District Court's qualified immunity analysis.

So even though the denial of CCSD's motion ordinarily would not be an appealable order, it is appealable in this particular case, for the narrow issue on which CCSD seeks appellate review. By joining this appeal, CCSD adds no new issue for the Eleventh Circuit's consideration. CCSD instead seeks efficient, appellate review of a single issue that goes to Plaintiffs' § 1983 claims against both CCSD and the Individual Defendants. *See Smith*, 834 F.3d at 1292 (exercising pendent appellate jurisdiction "[i]n the interest of judicial economy").

Respectfully submitted this 24th day of April 2026.

*/s/Jeffrey R. Daniel*
Jeffrey R. Daniel
Georgia Bar No. 949075
*Counsel for Defendants*

**PARKER POE ADAMS & BERNSTEIN LLP**
1075 Peachtree Street NE, Suite 1500
Atlanta, Georgia 30309
Phone: (678) 690-5750
jeffdaniel@parkerpoe.com

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(C).

This 24th day of April 2026.

*Jeffrey R. Daniel*
Jeffrey R. Daniel
Georgia Bar No. 949075
*Counsel for Defendants*

**PARKER POE ADAMS & BERNSTEIN LLP**
1075 Peachtree Street NE, Suite 1500
Atlanta, Georgia 30309
Phone: (678) 690-5750
jeffdaniel@parkerpoe.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of April, 2026, I electronically filed DEFENDANTS' NOTICE OF APPEAL with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Gerald Weber, Esq.
LAW OFFICES OF GERRY WEBER
P.O. Box 5391
Atlanta, GA 31107
wgerryweber@gmail.com

Craig Goodmark, Esq.
GOODMARK LAW FIRM
1425-A Dutch Valley Place
Atlanta, GA 30324
cgoodmark@gmail.com

*/s/Jeffrey R. Daniel*
Jeffrey R. Daniel
Georgia Bar No. 949075
*Counsel for Defendants*

**PARKER POE ADAMS & BERNSTEIN LLP**
1075 Peachtree Street NE, Suite 1500
Atlanta, Georgia 30309
Phone: (678) 690-5750
Fax: (404) 869-6972
jeffdaniel@parkerpoe.com