**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

| | | |
|---|---|---|
| JENNIFER PETERSON and MELISSA MARTEN,<br><br>Plaintiffs,<br><br>v.<br><br>COBB COUNTY SCHOOL DISTRICT, et al.,<br><br>Defendants. | * * * * * * * * * * * * | 1:24-CV-04998-ELR |

**ORDER**

This matter is presently before the Court on the Motion to Stay Proceedings by and Defendants Chris Ragsdale, John Floresta, Julian Coca, Nan Kiel, Daniel Vehar, Zach Alderson, and Amanda Chambers (collectively, "Individual Defendants"), and Co-Defendant Cobb County School District (CCSD). [Doc. 37].

Following the Court's ruling on Defendants' Joint Motion to Dismiss, [Doc. 26], the Individual Defendants appealed the denial of qualified immunity under the collateral order doctrine, and, asserting pendent appellate jurisdiction, CCSD appealed the denial of the motion to dismiss Plaintiffs' claims against CCSD, [Doc. 37]. In view of the appeal, Defendants seek to stay all proceedings in this case pending the final resolution of the interlocutory appeal. [Id.] Plaintiffs oppose a

wholesale stay of the litigation, arguing that the Court should "adopt[] a tailored solution," staying discovery as to Plaintiffs' claim against the Individual Defendants but allowing discovery to proceed on their claim against CCSD. [Doc. 40 at 4–7].

Setting aside whether CCSD's appeal itself presents a viable basis to stay proceedings on Plaintiff's claim against CCSD, the Court is persuaded that the appeal of the qualified immunity issue supports a stay of these proceedings both as to the Individual Defendants and as to CCSD. As to the Individual Defendants, because "[t]he defense of . . . qualified immunity protects government officials . . . from having to bear the burdens attendant to litigation, including pretrial discovery," it is appropriate for the Court to stay the case, including discovery, "pending appeal of a denial of immunity." Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004). Indeed, Plaintiffs do not contest that a stay of the case as to the Individual Defendants is warranted. And a stay of the case as to CCSD is also warranted because it avoids the potential of piecemeal litigation and shields the Individual Defendants from discovery's burdens pending appeal of the qualified immunity question. As Defendants point out, Plaintiffs' case against CCSD hinges on the conduct of the Individual Defendants. [Doc. 44 at 4]. The Court is hard pressed to identify avenues of discovery against CCSD that would not require the involvement of one or more of the Individual Defendants. Because the constitutionality of the Individual Defendants' alleged conduct is intertwined with

CCSD's liability for that conduct, even if discovery proceeds only as to CCSD, Individual Defendants will likely have to "participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." Ashcroft v. Iqbal, 556 U.S. 662, 685 (2009). This means that even with a stay of discovery as to the Individual Defendants, "they would not be free from the burdens of discovery." Id. at 685–86.

For these reasons, and erring on the side of caution, the Court **GRANTS** Defendants' Motion to Stay Proceedings, [Doc. 37], and **STAYS** this case in its entirety pending the final resolution of the interlocutory appeal. The Court **DIRECTS** the Clerk to administratively close this case. Following the entry of the Eleventh Circuit's mandate in this case, the Parties shall file a joint proposal outlining next steps.

**SO ORDERED**, this 17th day of June, 2026.

Eleanor L. Ross
United States District Judge
Northern District of Georgia